IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR TREXLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 13-cv-506-CJP |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act. **(Doc. 30)**. Defendant filed a response in opposition at **Doc. 32**.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified. The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). Plaintiff is, therefore, the prevailing party. See, *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The

1

Commissioner does not argue that her position was substantially justified so as to defeat plaintiff's claim under the EAJA. She does, however, take issue with the hourly rate claimed by counsel.

Counsel for plaintiff asks the Court to award him $185.00 per hour for a total of 25.65 hours. Counsel argues that he is entitled to an increase from the statutory rate of $125.00 per hour because of an increase in the cost of living as reflected in the Consumer Price Index. He does not argue that there is any "special factor" within the meaning of §2412(d)(2)(A).

The cases cited by counsel all predate *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011). Counsel's argument was specifically rejected in that case:

> If [counsel] points to inflation he still must show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases. Inflation affects different markets, and different costs in the same market, in different ways. The framers of the Equal Access to Justice Act were right therefore not to create an *entitlement* to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.

*Mathews-Sheets*, 653 at 563.

The Court went on to explain that an adjustment in the hourly rate for inflation must be "justified by reference to the particular circumstances of the lawyer seeking the increase." *Ibid*. at 563-564. No information has been presented from which the Court could conclude that inflation has actually increased counsel's cost of providing legal services.

This Court holds that counsel for plaintiff has not demonstrated that he is entitled to an increase in the statutory rate. Therefore, his fee will be calculated at the rate of $125.00 per hour.

Counsel represents that he spent 25.65 hours working on this case. Defendant does not challenge that figure. Therefore, the Court awards counsel of total fee of $3,206.25 (three thousand, two hundred and six dollars and 25 cents), representing 25.65 hours at a rate of $125.00 per hour.

Plaintiff's Application for Award of Attorney Fees Pursuant to the Equal Access to Justice Act **(Doc. 30)** is hereby **GRANTED in part and DENIED in part**, as explained above. The Court awards plaintiff a total of **$3,206.25** as fees.

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). However, any part of the award that is not subject to set-off to pay plaintiff's pre-existing debt to the United States shall be made payable to plaintiff's attorney pursuant to the EAJA assignment previously executed by plaintiff and his attorney.

**IT IS SO ORDERED.**

**DATED:   November 21, 2014.**

                                         **s/ Clifford J. Proud**
                                         **CLIFFORD J. PROUD**
                                         **U.S. MAGISTRATE JUDGE**